# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARON VINCENT WATSON, JR., | : | Civil No. 1:22-CV-01092 |
| Petitioner, | : | |
| v. | : | |
| WARDEN OF MONROE COUNTY CORRECTIONAL FACILITY, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Petitioner Laron Vincent Watson, Jr. ("Petitioner"), a pretrial detainee confined at the Monroe County Prison in Stroudsburg, Pennsylvania, initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 2.) The habeas petition challenges ongoing state criminal proceedings in the Court of Common Pleas of Monroe County, Pennsylvania. The petition has been given preliminary consideration, and for the reasons discussed blow, will be dismissed without prejudice because there continues to be an ongoing state court criminal proceeding. *See* Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. Foll. § 2254.[1]

---

[1] Rule 4 states in pertinent part that: "The clerk must promptly forward the petition to a judge ... and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Rule 1(b) permits application of these rules to habeas corpus petitions pursuant to 28 U.S.C. § 2241.

1

## BACKGROUND

Petitioner states that he has been confined since January 19, 2021 as a pretrial detainee, and seeks relief pursuant to the Pa. Code Rule 600, asserting that no defendant shall be held in pretrial incarceration in excess of 180 days from the date on which the complaint is filed. (Doc. 2.) Additionally, he seeks to reduce his bail. (*Id.*)

An electronic search of the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/CaseSearch, indicates that the action Petitioner is challenging is pending in the Court of Common Pleas of Monroe County and bears docket number CP-45-MD-0000492-2021. Review of the docket reveals that his case status is "Awaiting Hearing," and the last document filed was a Motion to Appoint Conflict Counsel filed on September 15, 2021.

## DISCUSSION

Because Petitioner is a pretrial detainee, the matter is appropriately considered a petition pursuant to 28 U.S.C. § 2241. *See Glazewski v. United States*, No. 16-CV-3052, 2017 WL 2899686, at *1 (D.N.J. July 6, 2017) (collecting cases). Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x. 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to

issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted).

Generally, federal courts must adjudicate all cases and controversies that are properly before them.  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989).  Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue."  *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982).  In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding."  *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)).  The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings."  *Younger*, 401 U.S. at 43.  *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims."  *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010).  However, even if these requirements are met, *Younger* abstention

is not appropriate if the federal plaintiff can establish that "(1) the state court proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstance exists. . ." *Id*. at 670 n.4.

It is evident from the state court electronic docket sheet and the contents of the habeas petition that Petitioner is engaged in ongoing criminal proceedings which implicate important state interests.  At present, the matter appears stalled pending appointment of counsel.  However, the docket indicates that Petitioner has not filed any motions seeking review of his bail determination.  Likewise, he has not sought relief before the Court of Common Pleas in regards to Pa. Code Rule 600.  While Petitioner "may be displeased with the pace of his state-court proceedings, his displeasure does not rise to the level of an extraordinary circumstance requiring adjudication of a [§ 2241] petition." *See Cuevas v. Pennsylvania*, No. 1:19-cv-1733, 2020 WL 1911511, at *3 (M.D. Pa. Apr. 20, 2020).  Petitioner still has the opportunity to raise his speedy trial and other claims during his state trial proceeding and any subsequent appellate proceedings in state court.  Accordingly,  the § 2241 petition will be dismissed without prejudice to allow Petitioner to pursue state court remedies.

## CONCLUSION

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 22, 2022